OPINION
Defendant, Frederick Thomas, appeals from the following convictions and sentences: in case number 00-CR-2138, Defendant appeals his convictions for assault on a peace officer and possession of crack cocaine; in case number 00-CR-2955, Defendant appeals his convictions on two counts of felonious assault.
This appeal involves consolidated trial court cases. In case number 00-CR-2955, Defendant was indicted on May 31, 2001, on one count of felonious assault, causing serious physical harm, in violation of R.C.2903.11(A)(1), two counts of felonious assault, use of a deadly weapon, in violation of R.C. 2903.11(A)(2), and one count of abduction in violation of R.C. 2905.02(A)(2).
In case number 00-CR-2138, Defendant was charged by way of a bill of information filed June 11, 2001, with assault on a peace officer, R.C.2903.13(A), and possession of crack cocaine, over one gram but not over five grams, in violation of R.C. 2925.11(A).
Pursuant to a negotiated plea agreement, Defendant entered guilty pleas on June 12, 2001. In case 00-CR-2955, Defendant pled guilty to count one, felonious assault (serious physical harm), and count two, felonious assault (deadly weapon), both second degree felonies. In exchange, the State dismissed counts three and four. In case 00-CR-2138, Defendant pled guilty to assault on a peace officer and possession of crack cocaine (over one gram but not over five grams), both fourth degree felonies. As part of the plea agreement, both parties agreed: that Defendant's guilty pleas would constitute a violation of his community control in case number 98-CR-0654, that Defendant would not receive community control in these cases, and that the sentence imposed upon Defendant in these cases would be five years imprisonment.
After accepting Defendant's guilty pleas and after Defendant waived a presentence investigation report, the trial court found that Defendant had violated his community control in case number 98-CR-0654, but the court administratively terminated that case. The trial court immediately sentenced Defendant in case 00-CR-2955 to five years imprisonment on each count of felonious assault, those sentences to be served concurrently with each other and concurrent to those in case 00-CR-2138, in accordance with the terms of the plea agreement. In case 00-CR-2138, the trial court sentenced Defendant to one year imprisonment on each charge, said sentences to be served concurrently with each other and concurrent to case 00-CR-2955.
On July 11, 2001, Defendant timely filed notices of appeal to this court from his conviction and sentence in both 00-CR-2955 and 00-CR-2138. Defendant's appellate counsel subsequently filed an Andersbrief, Anders v. California (1967), 386 U.S. 738, claiming that he couldnot find any meritorious issues to present on appellate review. Wenotified Defendant of his appellate counsel's representations, andafforded him ample opportunity to file a pro se brief. None has beenreceived. This appeal is now ready for decision.
 In his Anders brief, Defendant's appellate counsel raises two potentialissues for appeal:
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEAS.
Defendant's appellate counsel asserts that in accepting Defendant's guilty pleas the trial court failed to comply with Crim.R. 11. That rule requires, in relevant part:
 (C)(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
* * *
 (F) When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court.
Our review of the record of the plea proceeding discloses that the trial court complied in all respects with Crim.R. 11 in accepting Defendant's guilty pleas. Accordingly, this claim of error lacks arguable merit and is frivolous.
 APPELLANT'S SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN IMPOSING A FIVE YEAR PRISON SENTENCE.
Appellate counsel states that the five year prison sentence Defendant received for felonious assault may not have been appropriate. We note that during the plea colloquy the trial court repeatedly advised Defendant that pursuant to the terms of the plea bargain, Defendant would receive a five year prison sentence. No objection was raised by Defendant. More importantly, however, the five year sentence imposed upon Defendant by the trial court, which is clearly authorized by law, R.C.2929.14(A)(2), was the exact same sentence jointly recommended by both parties pursuant to the plea agreement. Under those particular circumstances, the sentence imposed upon Defendant is not subject to appellate review. See: R.C. 2953.08(D); State v. Banks (June 1,2001), Greene App. No. 00CA118, unreported.
This assignment of error lacks arguable merit and is therefore frivolous.
In addition to examining the claims raised by appellate counsel, we have conducted an independent review of the record of the trial court's proceedings. We see no error which has arguable merit, and is therefore not frivolous.
The judgment of the trial court will be affirmed.
WOLFF, P.J. and BROGAN, J., concur.